UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HUY VAN TRAN,

               Petitioner,

   v.

PAMELA BONDI, et al.,

               Respondent.

Case No. 2:25-cv-02335-BHS-TLF

ORDER SETTING BRIEFING SCHEDULE AND GIVING NOTICE OF RIGHT TO CONSENT

      Petitioner, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 2.

      1. The Court retains the discretion to determine when an answer or response to a § 2241 habeas petition is due. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Corpus Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition must "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added).The Court examines the allegations and circumstances of each case in determining the due date of a response.

      Having reviewed the petition, the Court ORDERS:

2. Respondents shall file a return to the habeas petition no later than December 5, 2025, from entry of this Order. Any arguments that the petition should be dismissed shall be made in the return and not by separate motion.

3. Petitioner's traverse shall be due by December 8, 2025. The Clerk shall note the matter for December 8, 2025, as ready for the Court's consideration.

4. The Clerk is directed to serve this habeas corpus petition, Dkt. 2, upon respondents and shall immediately email a copy of this order to usawaw@habeas@usdoj.gov.

5. Respondents shall provide Petitioner and Petitioner's counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer Petitioner from the Northwest Immigration and Customs Enforcement Processing Center or to remove him from the United States. Because transfer of Petitioner to another district could interfere with his access to counsel and ability to participate in the habeas corpus proceedings, the Respondents are ORDERED to refrain from transferring Petitioner to custody in a facility outside the Western District of Washington while this case is pending.

6. The parties have a right to have the matter heard by a United States District Judge, and may consent to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636 (c)(2), Fed. R. Civ. P. 73(b). Consent is voluntary. *Washington v. Kijakazi,* 72 F.4th 1029, 1036-1040 (9th Cir. 2023). The Magistrate Judge will have jurisdiction only if all parties consent. *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017).

Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than December 1, 2025,** by emailing Deputy Gayle Riekena at gayle_riekena@wawd.uscourts.gov.

If the parties unanimously consent, Magistrate Judge Theresa L. Fricke will preside over the entire case through judgment. If the Court does not receive an email by this date, or if any party does not consent to the jurisdiction of the Magistrate Judge, the case will remain assigned to District Judge Benjamin H. Settle. *See* Western District of Washington Local Civil Rule 73. *See also* General Order 5-25.

Dated this 21st day of November, 2025.

Theresa L. Fricke
United States Magistrate Judge